IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| THOMAS MITCHELL STUCK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil Action No.   2:19-00262 |
| ) | Criminal Action No. 2:04-00190 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on April 10, 2019.[1] (Document No. 164.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 165.)

### FACTUAL BACKGROUND

**1.    Criminal No. 2:04-00190:**

On January 20, 2005, following a two day jury trial, Movant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two), and possession of a stolen firearm transported in interstate commerce in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Four). (Criminal Action No. 2:04-00190, Document No. 56.) On April 14, 2005, the District Court sentenced Movant to 264 months imprisonment to be followed by a five-year term of supervised release. (Id., Document Nos. 70, 71, 75.) The District

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Court further imposed a $2,000 fine and a $200.00 special assessment. (Id.) Movant filed a direct appeal. (Id., Document No. 74.) On March 16, 2007, the Fourth Circuit Court of Appeals affirmed Movant's convictions and sentences. United States v. Stuck, 227 Fed.Appx. 219 (4th Cir. 2007). Movant filed a petition for a writ of certiorari, which was denied by the United States Supreme Court on June 29, 2007. Stuck v. United States, 551 U.S. 1172, 127 S.Ct. 3070, 168 L.Ed.2d. 778 (2007).

2.   **First Section 2255 Motion:**

On April 7, 2008, Movant filed his Motion to Vacate, Set Aside and Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Criminal Action No. 2:04-00190, Document 97.) As grounds for relief, Movant asserted ineffective assistance of counsel based on the following: (1) Trial counsel failed to attempt to negotiate a plea bargain on behalf of Movant; and (2) Trial counsel failed to convey to Movant a plea offer made by the United States. (Id.) On July 17, 2008, the United States filed its Response in Opposition. (Id., Document No. 104.) Movant filed his Reply on October 8, 2008. (Id., Document No. 110.) By Proposed Findings and Recommendation entered on November 24, 2009, United States Magistrate Judge Mary E. Stanley recommended that the District Court deny Movant's Section 2255 Motion. (Id., Document No. 118.) Following the granting of an extension of time, Movant filed his Objections on December 14, 2009. (Id., Document Nos. 119 – 121.) By Memorandum Opinion and Order entered on August 18, 2010, United States District Judge Robert C. Chambers adopted Judge Stanley's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 122 and 123.)

3.   **Second Section 2255 Motion:**

On April 10, 2019, Movant filed his instant Section 2255 Motion. (Civil Action No.

2:19-00262, Document No. 164.) In his Section 2255 Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant contends that "[t]he burglary conviction used to enhance [his] federal sentence cannot be considered a violate felony for the purpose of the ACCA after Johnson." (Id.) Movant further argues that his sentence is "grossly disproportionate and in violation of Due Process." (Id.) Movant appears to argue that his case is similar to Roger Burress, who filed a successful Section 2255 Motion.[2] (Id.) As an Exhibit, Movant attaches a copy of Burress v. United States, 2018 U.S. Dist. LEXIS 8887 (S.D.W.Va. Jan. 10, 2018). (Id., pp. 8 – 17.)

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468,

---

[2] Unlike Mr. Burress, Movant did **not** obtain authorization from the Fourth Circuit to file a successive Section 2255 Motion. Additionally, there is no indication that Movant was sentenced under the "residual clause" of the ACCA. See Burress v. United States, 2018 WL 2760152 (S.D.W.Va. Jan. 10, 2018). Similar to Burress, Movant was convicted of violating 18 U.S.C. § 922(g)(1). Unlike Burress, however, Movant was not sentenced under Section 924(e) (the "ACCA"). Movant was clearly sentenced under Section 924(a)(2).

7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA]

Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law.[3] "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A

---

[3] Based upon *Johnson*, Movant alleges that he is entitled to *habeas* relief. In *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Id.* On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). In the instant case, Movant was convicted and sentenced pursuant to 18 U.S.C. §§ 922(g)(1), 922(j), and 924(a). Sections 922(g)(1), 922(j), and 924(a), do **not** contain a "residual clause" subject to a *Johnson* claim. Thus, *Johnson* is inapplicable to Movant's case.

second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 164), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: September 18, 2020.



Omar J. Aboulhosn
United States Magistrate Judge